## IN THE UNITED STATES DISTRICT COURT OF
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| RACHEL ASHLEIGH HODGE., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-556 |
| | ) | |
| v. | ) | |
| | ) | |
| GEICO GENERAL INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Defendant Geico General Insurance Company ("Defendant") by and through its counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal of this cause from the Circuit Court of Baldwin County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division.  Pursuant to 28 U.S.C. § 1446(a), Defendant has set forth below a short and plain statement of the grounds for removal, as follows:

### INTRODUCTION

1.     This lawsuit arises out of an automobile accident that occurred in Baldwin County, Alabama on July 5, 2011. Plaintiff was a passenger in her own vehicle that was being driven by non-party driver Joshua Matthew Lyons. Plaintiff, Rachel Ashleigh Hodge, filed her original Complaint in this matter on October 24, 2014, asserting only negligence and wantonness causes of action against Joshua Matthew Lyons. The original Complaint did not name Geico and

did not assert any claims whatsoever against Geico. This case was originally styled, *Rachel Ashleigh Hodge v. Joshua Matthew Lyons*, Civil Action Number 05-CV-2014-901290. Pursuant to 28 U.S.C. § 1446(a), copies of the Summons, Complaint, Case Action Summary sheet, and all service and pleadings filed to date in state court in this matter are attached collectively as **Exhibit 1**.

2.      Although the original Complaint did not assert any claims against Geico, Defendant was served with a copy of the Summons and Complaint on October 29, 2014. A copy of the service return to Geico is included in **Exhibit 1**.

3.      As the Complaint did not mention Geico in the style or body of the Complaint, on November 19, 2014, Defendant moved to dismiss the original Complaint against Geico for failure to state a claim on which relief could be granted. The Court denied the Motion to Dismiss on November 20, 2014. Defendant's Motion to Dismiss and the Court's Order denying it are included in **Exhibit 1**.

4.      On November 21, 2014 following the denial of the Motion to Dismiss, Defendant filed an Answer denying the allegations contained in the original Complaint. Defendant's Answer to the original Complaint is included in **Exhibit 1**.

5.      Plaintiff amended her complaint on November 21, 2014. The Amended Complaint named Geico as the sole defendant and asserted a three count complaint for breach of contract, bad faith, and for a declaratory judgment alleging that Geico owes Plaintiff coverage under an uninsured motorist contract held in the name of Plaintiff's father, Vincent Hodge. The Amended Complaint alleges that Geico denied coverage to Plaintiff to satisfy a monetary judgment in the amount of $150,000.00 obtained in a prior action brought by Plaintiff against Joshua Matthew Lyons involving the above-referenced automobile accident. A copy of the

Order granting the judgment against Joshua Matthew Lyons in the prior civil action in the Circuit Court of Mobile County is attached as **Exhibit 2**.

6.      Following the Amended Complaint, the above-referenced action that Geico, seeks to remove is now styled as *Rachel Ashleigh Hodge v. Geico General Insurance Company*, Civil Action Number 05-CV-2014-901290.

## NOTICE OF REMOVAL IS TIMELY

7.      Defendant Geico was served with a Summons and a copy of plaintiff's original Complaint on October 29, 2014. While this case is still within the thirty day window for which defendant could timely remove under 28 U.S.C. § 1446(b), as discussed above, the original complaint could not be removed to federal court because it stated no cause of action against Geico and included a non-diverse defendant, Joshua Matthew Lyons.

8.      Under section 1446(b), a defendant "must remove within thirty days of receiving the document that provides the basis for removal." *Category 5 Management Group, LLC v. National Casualty Insurance Company*, 2010 WL 2330305 at 4 (S.D. Ala. 2010). In this case, Geico did not have the right to remove until it received the Amended Complaint. While Geico has not been formally served with the amended complaint and summons, Defendant received electronic notification of the filing of the Amended Complaint through the state court AlaFile system when it was filed on November 21, 2014. Accordingly, Geico files this Notice of Removal well within the allotted thirty day period under 28 U.S.C. § 1446(b).

## THIS CIVIL ACTION IS REMOVABLE

9.      This action is removable pursuant to 28 U.S.C. § 1441(a) because it is a civil action of which this Court has original jurisdiction and because Defendant is removing this

action to the District Court of the United States for the district and division embracing the place where the action is pending.

10.     The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and because complete diversity of citizenship exists between Plaintiff and Defendant.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11.     The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  In her Complaint, Plaintiff seeks an unspecified amount of compensatory and punitive damages from Defendant under her count for bad faith, but also seeks payment of the $150,000.00 judgment she obtained against Joshua Lyons from Defendant Geico under the uninsured motorist coverage. Therefore, it is undisputed that the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

## DIVERSITY OF CITIZENSHIP EXISTS
## BETWEEN PLAINTIFF AND DEFENDANTS

12.     In her Amended Complaint, Plaintiff alleges that she is a resident of Baldwin County, Alabama.

13.     At the time Plaintiff commenced this action in Alabama state court, and at the time of the filing of this Notice of Removal, Defendant was and is a corporation existing under the laws of the Maryland, with a principal place of business located in the state of Maryland.

14.     Pursuant to 28 U.S.C. § 1332, as set forth above, complete diversity of citizenship exists because Plaintiff and Defendant are citizens of different states.

15.     Pursuant to 28 U.S.C. § 1441(b), this action is removable because no party in interest properly joined and served as a defendant is a citizen of the State of Alabama, the state in which this action was brought.

**REMOVAL TO THIS DISTRICT IS PROPER**

16.     Pursuant to 28 U.S.C. § 1441(a) and to SD ALA LR. 3.1(b), the United States District Court for the Southern District of Alabama, Southern Division, is the appropriate court for filing a Notice of Removal from the Circuit Court of Baldwin County, Alabama, where this action is pending.

17.     Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff, through her attorneys of record, written notice of the filing of this Notice of Removal, and Defendant shall file the written notice of the filing of this Notice of Removal with the Clerk of the Circuit Court of Baldwin County, Alabama, attaching thereto a copy of this Notice of Removal.

18.     Defendant requests and reserves the right to take discovery and submit further evidence in Opposition to a Motion to Remand, if necessary, and requests and reserves the right to amend and supplement this Notice of Removal should the Court deem additional information necessary regarding any issue.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Honorable Court will take cognizance and jurisdiction of this cause and make any and all orders necessary to affect the removal of this cause from the Circuit Court of Baldwin County, Alabama.

Respectfully submitted,

JONES WALKER LLP
Counsel for Defendant Geico General Insurance
Company
11 N. Water St., Suite 1200
Mobile, Alabama 36602

{M0846518.1}
5

Telephone: (251) 439-7510
Facsimile: (251) 439-7357
**Designated Email:** jwatkins@joneswalker.com


/s/ Jason R. Watkins
_____
JASON R. WATKINS (WAT068)




### CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2014, I electronically filed the foregoing, using the CM/ECF system, and sent a copy to the following by U.S. First Class Mail.


C. Randall Caldwell
Caldwell Wenzel, P.C.
Post Office Box 2158
Foley, AL 36536


/s/ Jason R. Watkins
_____
OF COUNSEL