# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RACHEL A. HODGE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 14-00556-N |
| | ) |
| GEICO GENERAL INSURANCE | ) |
| COMPANY, | ) |
|     Defendant. | ) |

## **ORDER**

This action is before the Court *sua sponte* on review of its subject matter jurisdiction.[1] This case was removed to this Court from the Circuit Court of Baldwin County, Alabama, by the Defendant, GEICO General Insurance Company ("GEICO") pursuant to 28 U.S.C. § 1441(a). GEICO's Notice of Removal (Doc. 1) claims diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…").

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

"A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."[2] *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *See also, e.g.*, *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[3]

GEICO alleges that, both at the time the Plaintiff commenced her case in state court and at the time of removal, it was a corporation incorporated under the laws of Maryland with its principal place of business in that state. (Doc. 1 at 4, ¶ 13). Thus, for purposes of diversity, GEICO is deemed a citizen of Maryland. *See* 28 U.S.C. § 1332(c)(1).[4]

---

[2] The removing party also bears the burden of demonstrating that § 1332(a)'s requirement that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs…" *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). As GEICO correctly notes (*see* Doc. 1 at 4, ¶ 11), while the Plaintiff's operative complaint does not request a specific damage amount, it does allege, *inter alia*, that the subject uninsured motorist insurance policy is "sufficient to cover the full $150,000.00 judgment" obtained against the uninsured/underinsured motorist responsible for the underlying accident (Doc. 1-2 at 22). *See Williams*, 269 F.3d at 1319 ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.").

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] This is does not appear to be a "direct action against the insurer of a policy or contract of liability insurance… to which action the insured is not joined as a party-defendant" excepted from § 1332(c)(1)'s general rule, as the Plaintiff is claiming she is an insured under the subject policy. *See Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985) (Section 1332(c) "was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured

However, GEICO alleges only that Plaintiff Rachel A. Hodge, a natural person, is a "resident" of Alabama. (Doc. 1 at 4, ¶ 12). The Eleventh Circuit has repeatedly stressed that "**[c]itizenship**, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added). *See also Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."); *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) ("If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission…" (quotation marks omitted)); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)); *Crist v. Carnival Corp.*, 410 F.

---

as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse. We hold that unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." (internal citations omitted)).

App'x 197, 200 (11th Cir. 2010) (per curiam) ("The allegation that Crist is a 'resident' of Florida is insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship.").

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). *See also Travaglio*, 735 F.3d at 1269 (" 'Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction.' And domicile requires both residence in a state and 'an intention to remain there indefinitely....' " (quoting *McCormick,* 293 F.3d at 1257-58 (internal quotation marks omitted)) (internal citation omitted)); *Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party to cure the omission, as authorized by § 1653." *Corp. Mgmt. Advisors*, 561 F.3d at 1297. Additionally, GEICO has not filed a disclosure statement in accordance with SD ALA LR 3.4 (www.alsd.circ11.dcn/documents/forms/local-rules.pdf) and Federal Rule of Civil Procedure 7.1 contemporaneously with its notice of removal.

Accordingly, GEICO is hereby **ORDERED** to file, no later than

4

**Wednesday, December 10, 2014**, 1) a supplement to its notice of removal that properly alleges the Plaintiff's citizenship, *and* 2) a disclosure statement in accordance with SD ALA LR 3.4 and Federal Rule of Civil Procedure 7.1.

**DONE** and **ORDERED** this the 3rd day of December 2014.[5]

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[5] As the parties have been made aware (*see* Doc. 3), this case has been randomly assigned to the undersigned United States Magistrate Judge for all purposes, including trial, in accordance with this Court's Standing Order No. 24 (www.alsd.circ11.dcn/documents/forms/STDO24.pdf). Currently, unless the parties consent to the jurisdiction of the undersigned no later than January 16, 2015, this action will be reassigned to a District Judge. Before that time, however, unless a party returns to the Clerk of Court a Request for Reassignment to a United States District Judge, there exists implicit consent to the undersigned conducting all proceedings in this case. *See Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 1703, 155 L. Ed. 2d 775 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").